UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED SEP 2 4 1997

CONSTANTINOS STAVRIDIS, )
    Plaintiff, )
vs. ) Civil Action No. CV96-S-1129-S
ENERGY ABSORPTION SYSTEMS, INC.,)
    Defendant. )

## MEMORANDUM OPINION

This action is before the court on defendant's motion to reconsider the court's order of July 17, 1997, which granted partial summary judgment. Defendant now asks the court to grant summary judgment on all claims. Upon review of the motion and brief filed therewith, the court determines defendant's motion is due to be denied.

Plaintiff is a native of Greece who worked in defendant's plant in Pell City, Alabama, and alleges defendant discriminated against him because of his national origin in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e et seq. The facts of this case are thoroughly discussed in this court's memorandum opinion of July 17, 1997, and will not be restated here.

### I. STANDARD FOR RECONSIDERATION

"[A] denial of summary judgment is an interlocutory order, which the court may reconsider and reverse any time before entering final judgment." *Millar v. Houghton*, 115 F.3d 348, 350 (5th Cir. 19997. While this court has broad discretion to reconsider its previous order, it will not allow defendant to use the motion for

reconsideration as a second attempt at summary judgment.[1] Indeed, many of the arguments raised in defendant's motion were never raised in its original brief in support of summary judgment, or its letter brief in reply to plaintiff's opposition to summary judgment. Thus, the court will only reconsider those facts and arguments which were originally presented.

## II.  DISPARATE TREATMENT CLAIMS

### A.  Disciplinary Discrimination

#### 1.  Warning for pretending to take pictures

On September 7, 1995, plaintiff received a written warning for pretending to take pictures of work performed by other employees, but he denied committing the violation. (Bean deposition at 58-60). Plaintiff's supervisor, Jerry Bean, gave plaintiff the warning, and testified:

> A. I put pretending [on the written warning], because [the co-workers] said he had his hands up to his face like he was taking pictures.
>
> Q. There were no other employees that said he was pretending to take pictures?
>
> A. No. I put that in there because I couldn't substantiate that he was or was not. I had two saying he was, and he said he was not. So I said he was or was pretending to.

---

[1] The deadline for dispositive motions was February 28, 1997. (See Order of August 8, 1996.) The three month delay between submission of the motion for summary judgment (i.e., April 2, 1997; see submission Order entered March 5, 1997) and this court's ruling on that motion indicate the heavy workload of all judges serving on the United States District Court for the Northern District of Alabama. Defense counsel are admonished to be mindful of that fact and, in the future, to make all (and their best) arguments in the first instance.

2

(Bean deposition at 60.)  Defendant contends "it is clear from Bean's testimony that he was convinced Plaintiff had engaged in disruptive conduct, but was unsure what specific form this conduct took." (Motion to reconsider at 3.)  Thus, defendant relies upon the proposition that an honest belief that an employee committed a violation is sufficient to rebut any inference of discrimination. See *Jones v. Gerwins*, 874 F.2d 1534, 1540 (11th Cir. 1989).

The court is not convinced that Bean's testimony is as "clear" as defendant would like to characterize it.  A reasonable fact finder could review Bean's testimony, and conclude that Bean accused plaintiff of pretending to take pictures simply because he could not substantiate any of the claims.  Thus, the motion to reconsider on that ground is due to be denied.

2. **Warning for painting without a respirator**

Plaintiff received a written warning on August 18, 1996 for painting parts without a respirator, and claims the warning was discriminatory, because Bean painted without a respirator, but did not give himself a warning.  Defendant argues that this court erred in considering Bean as a comparator for plaintiff's claim, because Bean, as plaintiff's supervisor, was not "similarly situated" to plaintiff. (Motion to reconsider at 4-6.)

> As part of the Title VII plaintiff's *prima facie* case, the plaintiff must show that his employer treated similarly situated employees outside his classification more favorably than herself [sic]. ... To make a comparison of the plaintiff's treatment to that of non-minority employees, the plaintiff must show that he and the employees are similarly situated in all relevant respects.

3

*Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997)(emphasis supplied)(citations omitted). The court does not believe that an employee's status as supervisor or subordinate is relevant to violation of safety rules. Even so, defendant failed to argue in its original motion for summary judgment that Bean and plaintiff were not similarly situated.[2] Furthermore, plaintiff's brief clearly pointed to Bean as a comparator, but defendant made no "similarly situated" argument in its reply brief. Consequently, the court will not consider defendant's new argument, and the motion to reconsider related to the discipline of Jerry Bean is due to be denied.

### 3. Comparison to other employees

In opposing summary judgment, plaintiff pointed to several non-Greek employees who (like plaintiff) received two written warnings for safety violations, but (unlike plaintiff) were not suspended. Defendant relied upon a recently-implemented computer system to distinguish those employees from plaintiff. According to defendant, plaintiff's suspension was mandated by the computer system, but the failure to suspend the comparable employees was excusable because their warnings occurred before the system was implemented. The court found that the computer system was not as foolproof as defendant would characterize it, because Deborah

---

[2] Defendant only distinguished Bean on the ground that he painted "ittie bittie" pieces of equipment for short periods of time, while plaintiff painted for prolonged periods. (Brief in support of summary judgment at 6 n.4.)

4

SEP-24-1997 15:50    205 551 0741    P.10
Case 2:96-cv-01129-CLS   Document 29   Filed 09/24/97   Page 5 of 9

Castleberry (an attendance policy violator[3]) was not suspended after receiving two written warnings.

Defendant argues that the Castleberry evidence is the only evidence in dispute, and the evidence is insufficient to withstand summary judgment. (Motion to reconsider 7-8.) By discrediting the computer system, however, the Castleberry evidence also questions the failure to discipline those employees who received two written warnings before the system was implemented: Timothy W. Daffron, Jerry W. Dulaney, Ronald M. Lawyer, and Terell D. Lewis. The failure to discipline other, non-Greek, employees is substantial evidence of discrimination, sufficient to withstand summary judgment.[4]

Thus, defendant abandons its computer system argument (and company policy) on motion for reconsideration and asserts that "Plaintiff was treated identically, receiving two written warnings without suspension, but was suspended on the very next occurrence." (Motion to reconsider at 6.) That argument was not presented in defendant's original motion for summary judgment and will not be considered now.

---

[3]Defendant attempts to distinguish attendance violations from safety violations by demonstrating that, until 1995, employees could incur two attendance violations without discipline, even under the computer. Even so, defendant does not dispute that the supposedly foolproof computer failed to suspend Castleberry, even though her violations occurred in December of 1995 and January of 1996.

[4]Defendant also argues by footnote that plaintiff failed to demonstrate the comparators were "similarly situated," because they had different supervisors and different disciplinary standards. (Motion to reconsider at 6 n.2.) Defendant did not raise that argument at summary judgment, and it will not be considered now.

5

B.  **Discharge Discrimination**

1.  **Qualification for position**

Defendant argues plaintiff cannot present a *prima facie* case of discharge discrimination, because he cannot prove he was qualified for his position. This court previously found that plaintiff's evidence of satisfactory performance evaluations for a period of two years was sufficient to fulfill his *prima facie* case. In its motion to reconsider, defendant argues that plaintiff was not qualified, because his evaluations were "barely satisfactory." (Motion to reconsider at 9.)

Qualification for a job position may be established by evidence that plaintiff performed his responsibilities for several years without complaint. *Baker v. Sears, Roebuck & Co.*, 903 F.2d 1515, 1520 (11th Cir. 1990). Moreover, plaintiff can fulfill that burden by demonstrating his performance reviews were "generally satisfactory." *Settle v. K Mart Corp.*, 857 F. Supp. 955, 957 (M.D. Fla. 1994); *Bell v. Desoto Memorial Hospital, Inc.*, 842 F. Supp. 494, 497 (M.D. Fla. 1994). The court concludes plaintiff presented sufficient evidence that his performance reviews were generally satisfactory; therefore, the motion to reconsider plaintiff's *prima facie* case is due to be denied.

2.  **Evidence of pretext**

In its argument in support of summary judgment, defendant presented a legitimate non-discriminatory reason for discharging plaintiff: four consecutive unsatisfactory employment evaluations. Even so, this court found evidence of pretext in the following

6

statements made by Jerry Bean to plaintiff: "I can't understand you. I can't do nothing with you" (plaintiff's deposition at 177); "I fix the Gus. I will fire him. I will fix real good" (*Id.* at 183); "I hope you not coming back. I hope you stay [in Greece]." (*Id.* at 187.) Defendant argues those statements are not evidence of pretext, because the second comment was not directed at plaintiff, and the remaining comments are insufficient to fulfill plaintiff's burden.

Defendant correctly notes that Jeff Bean made comments similar to "I fix the Gus. I will fire him" when talking about one of plaintiff's co-workers. (Plaintiff's deposition at 183-84.) Plaintiff confirmed, however, that Bean threatened to "fix" and "fire" him.

> Q. [by defendant's counsel] Is there anything else about Jerry Bean that you are complaining about in this lawsuit? Let me make sure I've got a complete list. <u>He said I will fix you real good</u>?
>
> A. <u>Yes</u>.
>
> R. He watched you?
>
> A. Yes.
>
> Q. <u>Said I am going to fire you</u>?
>
> A. <u>Yes</u>.

(*Id.* at 186 (emphasis supplied).)

Jerry Bean gave the evaluations which led to plaintiff's termination. Thus, plaintiff's testimony is sufficient evidence to disbelieve defendant's proffered explanation for its actions, and

7

the motion to reconsider is due to be denied. *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1532 (11th Cir. 1997).

### III. RETALIATION

This court refused to grant summary judgment for defendant on plaintiff's retaliation claim, because defendant failed to explain the timing of plaintiff's discharge: "EASI terminated the plaintiff on February 19, 1996 for poor performance evaluations given the previous year. EASI must explain why it waited two months to fire plaintiff before its nondiscriminatory reason is accepted by this court." (Memorandum opinion at 29.) On reconsideration, defendant claims that plaintiff was given additional time to improve his performance because of sexual harassment allegations which were made against him. (Motion to reconsider at 12.)

In making that argument, however, defendant omits crucial language from a memorandum which helped guide this court's decision.

> In October your performance review was less than a 2.0. At that time you were placed on probation and warned that if immediate improvement was not made you would be subject to disciplinary action, up to and including termination. Your most recent review in November is still less than a 2.0. However, management feels that your performance may have been affected by the recent sexual harassment allegations made against you. <u>Therefore, you are being reassigned to work with different employees and will be given until the end of December to make significant improvement in your performance</u>.
>
> Please understand that your job is in jeopardy if you do not make immediate improvements. This is your last chance to demonstrate that you wish to remain employed with Energy Absorption Systems, Inc.

8

(Movant's exhibit 47.) The emphasized text is conveniently deleted from defendant's motion to reconsider.

Because of the sexual harassment allegations, plaintiff was given until the end of December of 1995 to improve his performance. Yet, no performance evaluation was conducted at the end of December, or at any time before the February 13, 1996 evaluation which led to plaintiff's termination. That evaluation occurred eight days after defendant learned plaintiff received a notice of right to sue from the EEOC.

Defendant still fails to explain why it waited two months to discharge plaintiff, when he only was given until the end of the year to demonstrate improvement. Further, defendant fails to explain the timing between the notice of right to sue and the evaluation. Accordingly, the motion to reconsider the court's retaliation ruling is denied.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to reconsider is due to be denied. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the 24th day of September, 1997.

United States District Judge